IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Morris Tyler, #138551, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Leroy Cartledge, Acting Warden, )<br>McCormick Correctional Institution, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:07-3612-CMC-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Aiken County Clerk of Court. The petitioner was indicted at the May 2001 term of the Aiken County Grand Jury for four counts of criminal sexual conduct with a minor, second degree (01-GS-02-643, 01-GS-02-644, 01-GS-02-645, 01-GS-02-646). Attorney David Mauldin represented the petitioner on the charges. On January 14, 2002, the petitioner proceeded to trial. On January 17, 2002, the petitioner was

found guilty as charged. He was sentenced by the Honorable William P. Keesley to a term of life imprisonment on each count, with all sentences to run concurrently.

### *The Evidence*

The petitioner was convicted of sexually assaulting his 13-year-old daughter, Latoya Culbreath. On August 25, 2000, the petitioner took Latoya to the Delux Inn on Highway 19 in Aiken, South Carolina, and sexually assaulted her. Afterward, he apologized and promised her it would never happen again. On November 8, 2000, the petitioner told the victim he was taking her for a blood test. Instead he took her to a house on Hedge Road and sexually assaulted her twice in the same day. On November 25, 2000, a Saturday night, the petitioner took her down a dirt road in Aiken County and sexually assaulted the victim again (Tr. 76-108). On Monday, the victim was crying on the playground at school and Nicki Maroney, a teacher's aid, asked what was wrong (App. 117-119). The victim told Ms. Maroney what had happened to her. The victim also told the guidance counselor at school what had happened to her and where it happened (App. 119-122). The victim also took a police lieutenant to each of the locations where she was sexually assaulted by the petitioner (Tr. 135-141). The hotel clerk also corroborated the fact that the petitioner was registered at the hotel where the first assault took place on the date alleged in the indictment (Tr. 128-135).

### *The Direct Appeal*

The petitioner timely filed an appeal. He was represented on appeal by attorney Brian A. Katonak. The South Carolina Court of Appeals affirmed the petitioner's conviction by written order filed on February 4, 2004 (2004-UP-063). The remittitur was sent down on February 24, 2004.

***The PCR Action***

The petitioner subsequently filed a post-conviction relief (PCR) application on August 20, 2004. The petitioner alleged in his PCR application that he was being held in custody unlawfully due to the ineffective assistance of trial counsel. An evidentiary hearing was convened at the Aiken County Courthouse on August 15, 2005, before the Honorable Doyet Early, Circuit Court Judge. Brian Katonak represented the petitioner. Paula S. Magargle, Assistant Attorney General, appeared for the respondent.

At the conclusion of the petitioner's case, the respondent made a motion for directed verdict. The PCR court granted the respondent's motion. In its order dismissing the case, the PCR court first discussed the law with regard to ineffective assistance of counsel claims. The court pointed out that in a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). The court also noted that where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *Butler*, 334 S.E. 2d 813. The court pointed out that the proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The PCR court noted that courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Butler*, 334 S.E.2d 813. The applicant must overcome this presumption to receive relief. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). The PCR court also pointed out that courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." *Cherry*, 385 S.E.2d at 625, *citing*

3

*Strickland,* 466 U.S. 668. Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherry*, 385 S.E.2d 624; *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997).

The PCR court summarized the testimony at the PCR hearing as follows. The petitioner and the petitioner's former trial counsel, David Mauldin, testified at the PCR evidentiary hearing. The petitioner testified that trial counsel ("counsel") was ineffective for failing to meet with him. The petitioner further testified that counsel was ineffective for failing to request a preliminary hearing for the petitioner. Counsel testified the petitioner was originally represented by another attorney. Counsel further testified that he met with the petitioner on at least two or three occasions and at the roll calls. Counsel also testified that the petitioner had been indicted by the time that counsel received the case and therefore he could not request a preliminary hearing.

The PCR court reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. The court also reviewed the Clerk of Court's records regarding the subject conviction, the petitioner's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), the court made the following findings of fact based upon all of the probative evidence presented. The PCR court found that trial counsel's testimony was credible and the petitioner's testimony was not credible. The court further found that the petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard, *citing Strickland*, 466 U.S. 668; *Cherry*, 385 S.E.2d 624. This was a matter of trial strategy and not ineffective assistance of counsel. The court noted that where counsel articulates

a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective, *citing Roseboro v. State*, 317 S.C. 292, 454 S.E.2d 312 (1996). This allegation of ineffective assistance of counsel was denied. However, the PCR court found that even if the petitioner had proven the first prong of the *Strickland* test that his counsel's representation was deficient for failing to meet with the petitioner, he must further prove the second prong and that is because of this deficiency there is reasonable probability that counsel's deficient conduct prejudiced the outcome of the petitioner's trial. The PCR court found the petitioner had failed to prove the second element of *Strickland* requiring prejudice. Therefore, the petitioner had failed to show prejudice. This allegation of ineffective assistance of counsel was denied.

With regard to the petitioner's allegation that counsel was ineffective for failing to talk to witnesses, the PCR court summarized the testimony as follows. The petitioner testified that counsel failed to speak with the State's witnesses. The petitioner further testified that counsel failed to speak to his aunt, Mae Tyler, and his sister, Brenda Abne. The petitioner also testified that counsel did not subpoena these two individuals to his trial. On cross examination, the petitioner admitted that these two individuals were not present to testify at his PCR hearing. Counsel testified that he spoke with numerous witnesses from the State but did not speak with all of them. Counsel testified that he attempted to contact the petitioner's aunt but was unsuccessful. Counsel further testified that the petitioner informed him that his aunt would not cooperate. With regard to the petitioner's sister, counsel testified that he was unable to contact her. Counsel also testified that he placed both of these witnesses on the witness list but did not know if they were available or if they would cooperate.

The PCR court found that counsel's testimony was credible and the petitioner's testimony was not credible. The court further found that the petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of

5

professional reasonableness for a criminal defense attorney in this regard, *citing Strickland*, 466 U.S. 668; *Cherry*, 385 S.E.2d 624. The PCR court found this was a matter of trial strategy and not ineffective assistance of counsel. The court pointed out that where counsel articulates a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective, *citing Roseboro*, 454 S.E.2d 312. Further, the petitioner presented no witnesses to testify on his behalf at the PCR hearing. The court found and concluded that the petitioner cannot show that he was prejudiced by counsel's failure to call a favorable witness to testify at trial if that witness does not later testify at the PCR hearing or otherwise offer testimony within the rules of evidence, *citing Dempsey v. State*, 363 S.C. 365, 610 S.E.2d 812 (S.C. filed March 21, 2005); *Glover v. State*, 318 S.C. 496, 498, 458 S.E.2d 538, 540 (1995). The PCR court further found that because the petitioner failed to have witnesses testify at the PCR hearing, any finding of prejudice would be merely speculative. *Id*. Therefore, the petitioner failed to show prejudice and this allegation of ineffective assistance of counsel was denied.

With regard to the petitioner's allegation of ineffective assistance of counsel for failure of counsel to investigate his case, the PCR court summarized the testimony as follows. The petitioner testified that trial counsel was ineffective for failing to investigate his case and for not being aware of all the facts. Counsel testified that he received the Rule 5/Brady material and reviewed it all. Counsel further testified that he subpoenaed records from various places. Counsel also testified that he spoke with numerous witnesses. Counsel testified that he was prepared and ready to go forward with the petitioner's trial. Counsel further testified that the State had overwhelming evidence against the petitioner. Counsel also testified that he went over everything with the petitioner with regard to the facts of his case.

The PCR court found that counsel's testimony was credible and the petitioner's testimony was not credible. The PCR court found that this was a matter of trial strategy and is not ineffective assistance of counsel, *citing Roseboro*, 454 S.E.2d 312. The allegation of ineffective assistance of counsel was denied. However, the PCR court found that even if the petitioner had proven the first prong of the *Strickland* test, that his counsel's representation was deficient for failing to investigate, he must further prove the second prong, that because of this deficiency there is reasonable probability that counsel's deficient conduct prejudiced the outcome of the petitioner's trial. The PCR court found that the petitioner had failed to prove the second element of *Strickland* requiring prejudice. Therefore, the petitioner had failed to show prejudice. This allegation of ineffective assistance of counsel was denied.

As to any and all allegations which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in the order discussed in the paragraphs above, the PCR court found that the petitioner failed to present any probative evidence regarding such allegations. Accordingly, the court found that the petitioner waived such allegations and failed to meet his burden of proof regarding them, and they were dismissed with prejudice. The court found and concluded that the petitioner had not established any constitutional violations or deprivations that would require the court to grant his application. The court granted the respondent's motion for directed verdict. Therefore, the petitioner's application for post-conviction relief was denied and dismissed with prejudice. The court advised the petitioner and his attorney of record that any notice of appeal must be filed within thirty (30) days of service of the signed copy of the order, and their attention was directed to South Carolina Appellate Court Rule 227 for appropriate procedures on appeal.

*The Appeal from the Denial of Post-Conviction Relief*

The petitioner appealed from the denial of post-conviction relief by way of a petition for certiorari. On August 9, 2007, the South Carolina Supreme Court denied the Petition for Certiorari.[1] The remittitur was sent down on August 27, 2007.

The petitioner filed the instant petition on November 6, 2007, and service was authorized on December 5, 2007. In his petition, the petitioner makes the following allegations (verbatim):

> **Ground One**: Ineffective assistance of trial counsel.
>
> a.   Trial counsel was ineffective in failing to research the laws and facts surrounding his entitlement to have bond hearing or preliminary hearing, thus, causing him to raise the nullities of his warrants and indictments and their defectiveness or his commitment to the County Detention Center or prison. Where Petitioner's confinements were clearly in violation of the State statutory laws, South Carolina and United States Constitutions at the time of sentencing as alleged in his Application.
>
> **Ground Two:**  Ineffective assistance of counsel.
>
> a.   Trial counsel failed to inform the Petitioner of relevant changes in the law, and, further, failed to inform the Petitioner of his entitlement to a bond or preliminary hearing. Also, counsel failed by way of motion to quash his indictments prior to trial knowing the defects therein.
>
> **Ground Three:**  Ineffective assistance of counsel.
>
> a.   Trial counsel was ineffective for not raising to the Magistrate's Court the lack of jurisdiction, thereby, allowing the court to impose a sentence upon the Petitioner whereas review of the law and the facts presented that the court lacked jurisdiction and the sentencing of the Petitioner was unconstitutional at the time of sentencing.

---

[1] In his appeal from the denial of post-conviction relief, the petitioner raised only one issue: Counsel was ineffective for failing to fully investigate the case prior to trial. This issue dealt with the failure to interview seven witnesses and the failure to meet with the petitioner in preparing for trial. The petitioner alleges four grounds of ineffective assistance of counsel in this habeas petition. None of these issues were raised to the South Carolina appellate courts from the denial of PCR.

8

> **Ground Four:** Ineffective assistance of counsel.
>
> a. Trial counsel was ineffective for failing to bring to court's attention the changes in the laws, policies, procedures and practices of the Police Department, prosecutor's and courts before petitioner's arrest, detention and indictment by the Grand Jury, which resulted in the unlawful custody and illegal restraint of the Petitioner.

On April 9, 2008, the respondent filed a motion for summary judgment. By order filed April 10, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on May 12, 2008.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## ANALYSIS

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether

10

counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689.

The petitioner's claims fail on the merits. The petitioner first claims his trial counsel was ineffective in failing to research the law and facts surrounding his entitlement to have a bond hearing or preliminary hearing. The PCR court had before it the entire transcript of record from petitioner's trial. The PCR court did not make an unreasonable determination in deciding that counsel's performance was not deficient or prejudicial (App. 304). Counsel testified that he did not become counsel for the petitioner until after the petitioner was indicted (App. 303). At that point, the petitioner was not entitled to a preliminary hearing. S.C. R. Crim. P. 2(b). Furthermore, the failure to request a preliminary hearing at that point could not have changed the result of the trial. The petitioner was indicted by the Aiken County Grand Jury and convicted by a jury after a trial. Given these facts, the petitioner cannot establish prejudice from the failure of counsel to request a preliminary hearing or bond hearing. The petitioner has failed to show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the claim fails.

In his second ground, the petitioner claims his trial counsel failed to inform him of relevant changes in the law and failed to inform him of his entitlement to a bond or preliminary hearing. He further claims his trial counsel was ineffective for failing to move to quash his indictments prior to trial. As discussed above, the petitioner has not shown deficiency or prejudice in his trial counsel's failure to request a preliminary hearing.

11

Likewise, the petitioner cannot show deficiency or prejudice on the claim that his trial counsel failed to inform him he was entitled to such a hearing. Further, the petitioner has not alleged or shown what changes in the law the trial counsel failed to inform him of, and he has not alleged in what way his indictments were defective and why counsel should have moved to quash them. *See Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error."). The petitioner has made only unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance claim – or, for that matter, on any claim – a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). Based upon the foregoing, the petitioner has shown neither prejudice nor deficiency, and thus this claim fails.

In his third ground for relief, the petitioner claims his trial counsel was ineffective for failing to raise lack of jurisdiction to the magistrate's court. The basis for this allegation is unclear. In his response to the motion for summary judgment, the petitioner argues that the evidence presented at trial was not sufficient to support his conviction. As argued by the respondent, the Court of General Sessions for Aiken County clearly had jurisdiction to try the petitioner on the charges. Further, the underlying basis for the claim, state indictments and state court subject matter jurisdiction, are matters of state law that are not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). Based upon the foregoing, the claim fails.

12

Lastly, the petitioner alleges that trial counsel was ineffective for failing to bring to the court's attention changes in the laws, policies, procedures, and practices of the police department, prosecutor's office, and the courts before the petitioner's arrest, detention, and indictment, which resulted in his unlawful custody and restraint. Again, the petitioner's allegation is too vague to warrant relief. *See Aubut*, 431 F.2d at 689. The petitioner has absolutely failed to show that his trial counsel's performance was deficient in this regard or that he was prejudiced by his counsel's actions. Accordingly, this claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 20) be granted and the habeas petition be dismissed.

s/William M. Catoe
United States Magistrate Judge

October 31, 2008

Greenville, South Carolina